IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Sean H., individually and on behalf of A.H., a minor,<br><br>    Plaintiffs,<br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, CRUISE LLC, and the CRUISE LLC WELFARE BENEFIT PLAN,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO TRANSFER VENUE**<br><br>Case No. 2:24-cv-00247-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

    Plaintiffs Sean H. and A.H. filed a complaint for recovery of benefits under the Employee Retirement Income Security Act (ERISA), damages for violating the Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA), and statutory penalties against Defendants.[1] Defendants move to transfer venue from the District of Utah to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[2] Plaintiffs have not filed a response. For the reasons discussed below, the Unopposed Motion to Transfer is GRANTED.

    Defendants filed their Motion to Transfer on July 8, 2024. Plaintiffs' response was due in fourteen days, on July 22, 2024.[3] On August 1, 2024, the court reached out to the parties to ask whether the motion was contested. To date, the court has received no response. Under the Local Rules a failure to "respond timely to a motion may result in the court granting the motion without further notice."[4]

---

[1] Dkt. 1, *Complaint* ¶¶ 59–88.

[2] Dkt. 13, *Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* at 2.

[3] *See* DUCivR 7-1(a)(4)(D)(ii).

[4] DUCivR 7-1(f).

Independent of this basis, the facts of this case appear to warrant transfer. Section 1404(a) provides, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"[5] Defendants show the action could have originally been brought in the Northern District of California, where Plaintiffs live.[6] Next, the court considers whether convenience and the interest of justice supports a transfer by weighing:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[7]

The court agrees with Defendants that "the balance of factors [in this case] favors transfer."[8]

Accordingly, Defendants' Motion to Transfer is GRANTED.[9] The Clerk of Court is directed to transfer the case to the United States District Court for the Northern District of California.

SO ORDERED this 14th day of August 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[5] 28 U.S.C. § 1404(a).

[6] *Motion to Transfer* at 4–5; *see also K.A. v. UnitedHealthcare Ins. Co.*, 2:23-cv-00315-RJS-JCB, 2023 WL 7282544, at *2 (D. Utah Nov. 3, 2023).

[7] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[8] *Motion to Transfer* at 6–14.

[9] Dkt. 13.