Brian S. King, #4610
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936

David M. Lilienstein
**DL Law Group**
345 Franklin St.
San Francisco, CA 94102
David@dllawgroupcom
Tel: 415-678-5050
Fax:415-358-8484

*Attorneys for Plaintiff Sean H., individually and on behalf of A.H., a minor*

**DORSEY & WHITNEY LLP**
Maral J. Shoaei (SBN 345117)
167 Hamilton Avenue, Suite 200
Palo Alto, CA 94301
Telephone: (303) 352-1146
Email: shoaei.maral@dorsey.com

**DORSEY & WHITNEY LLP**
Michelle S. Grant (*pro hac vice*)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Email:grant.michelle@dorsey.com

Attorney for Defendant, *UnitedHealthcare Insurance Company, United Behavioral Health, Cruise LLC, and the Cruise LLC Welfare Benefit Plan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN H., individually and on behalf of A.H., a minor<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL | Case Number: 3:24-cv-5183<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 23, 2025<br>Time: 10:00 a.m. |

| | |
|---|---|
| HEALTH, CRUISE LLC, and the CRUISE LLC WELFARE BENEFIT PLAN, | ) ) Judge: Richard Seeborg ) |
| Defendants. | ) |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1.   Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  All parties have been served.

2.   Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

The Cruise LLC Welfare Benefit Plan (Plan) is a self-funded ERISA- governed employee health benefit plan. Defendants United Healthcare Insurance Company (UHIC) provides administrative services for the plan and, along with its Mental Health Services Administrator, United Behavioral Health (UBH) administered the claims at issue under the plan.

Plaintiff Sean H. is a participant in the Plan, and A.H. was a covered dependent of Sean H. under the Plan at all relevant times. A.H. received medical care and treatment at Second Nature Uintas ("Second Nature") from September 16, 2021, to December 8, 2021, and Elevations RTC ("Elevations") beginning on December 10, 2021. These are licensed treatment facilities located in Duchesne County Utah and Davis County Utah respectively, which provide sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems.

UHIC and UBH, through their agent, Optum, denied claims for payment of A.H.'s medical expenses in connection with his treatment at Second Nature and Elevations, determined that A.H.'s treatment at these facilities was not medically necessary and was not covered under the terms of the Plan, and stated that A.H. could have been treated at an alternative level of care.

The remedies the Plaintiff seek under the terms of ERISA and under the Plan are for the benefits due under the terms of the Plan, and pursuant to 29 U.S.C. §1132(a)(1)(B), for appropriate equitable relief under 29 U.S.C. §1132(a)(3) based on the Defendant's violation of the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA"), an award of prejudgment interest, and an award of attorney fees and costs pursuant to 29 U.S.C. §1132(g).

Defendant denies Plaintiff's allegations, denies that the mental health benefit claims at issue were improperly denied and denies that Plaintiff is entitled to Plan benefits or to any other relief in connection with the claims at issue.

3.     Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The legal issues likely to be raised by the parties include: (1) the proper standard of review the Court will use to review UHIC, UBH, and Optum's benefits determination; (2) whether UHIC, UBH, and Optum's benefits determination should be upheld or overturned under the applicable standard of review; (3) whether UHIC, UBH, and Optum conducted a "full and fair review" and engaged in a meaningful dialogue with the Plaintiff in the pre-litigation appeal process, 29 U.S.C. §1133(2) and 29 CFR § 2560.503-1(g) and (h); (4) whether Plaintiff are entitled to an award of Plan benefits under 29 U.S.C. §1132(a)(1)(B); (5) whether any party is entitled to attorneys' fees and costs pursuant to 29 U.S.C. §1132(g). (6) whether the violations of MHPAEA by United and the Plan are breaches of fiduciary duty and give the Plaintiff the right to obtain appropriate equitable remedies as provided under 29 U.S.C. §1132(a)(3). and (7) whether the failure of the Plan Administrator and its agent United,

to produce the documents under which the Plan was operated provides the factual and legal basis under 29 U.S.C. §1132(a)(1)(A) and (c) for this Court to impose statutory penalties against the Plan Administrator.

4. Motions
*All prior and pending motions, their current status, and any anticipated motions.*

There are no pending motions in this case. The Parties propose that this matter be resolved though Cross-Motions for Judgment pursuant to the Fed. R. Civ. P. Rule 52.

5. Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Parties do not anticipate adding additional parties or amending pleadings at this time. The parties propose an Amend/Add deadline of **June 26, 2025.**

6. Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI guidelines and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues evident in this action. Whenever feasible, the parties will produce all electronically stored information in Bates-stamped, pdf format. The parties have agreed that if any party produces electronically stored information, or other documents that the producing parties' claims are privileged, they will notify the opposing party or parties within a reasonable time.

Whenever feasible, the parties will produce all electronically stored information in Bates-stamped, pdf format. The parties have agreed that if any party produces electronically stored information, or other documents that the producing parties' claims are privileged, they will notify the opposing party or parties within a reasonable time.

7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties have agreed to complete initial disclosures as required by Federal Rule of Civil Procedure Rule 26(a)(1) by **March 12, 2025**. For Defendants, disclosures will entail production of the Administrative Record and governing Plan documents.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

There has been no discovery conducted in this case as of the filing of this status report.

A. Defendants dispute that discovery is proper beyond the full and complete pre-litigation appeal record. To the extent additional discovery is permitted, at this time, the parties do not foresee any need for any variance from the rules pertaining to discovery, including any variance from the limit of ten (10) depositions per side provided by Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) written interrogatories per side provided by Fed R. Civ. P. 33(a)(1); however if circumstances change, the parties will request leave of Court to conduct additional depositions and/or interrogatories.

B. As to the claims brought in the First Cause of Action, the parties agree that discovery is limited to the full and complete pre-litigation appeal record. In the event there is a dispute as to the completeness of the pre-litigation appeal record, the parties may bring a motion with the court by **May 1, 2025.** If there is a dispute about the amount at issue in the case, and/or the Plaintiff's desire to conduct discovery relating to a conflict of interest, a party may bring a motion with the court, to have such issues determined by the court by **May 9, 2025**. The motion shall include such discovery as is proposed and a memorandum supporting the proposed discovery.

C. As to the Second Cause of Action, their MHPAEA claim brought under 29 U.S.C. § 1132(a)(3), the Plaintiff's do not believe discovery should be subject to the same discovery limitations as exist for denial of benefit claims brought under 29 U.S.C. §1132(a)(1)(B). *Smith v. Golden Rule Ins. Co.*, 526 F.Supp.3d 374, 388-390 (S.D. Ind.

2021) (referencing need for discovery in MHPAEA cases); *Nancy S. v. Anthem Blue Cross & Blue Shield*, 2020 U.S. Dist. LEXIS 91827, *14 (D. Utah 2020) (MHPAEA claims "generally require further discovery to evaluate whether there is a disparity" between mental health and substance use disorder treatment and analogous medical/surgical treatment); *T.E. v. Anthem Blue Cross*, 2023 U.S. Dist. LEXIS 50336, *16 (W.D. Ky. 2023) ("information about how insurance companies process treatment limitations will often be in the hands of the insurers alone"); *K.K. v. Premera Blue Cross,* 2022 U.S. Dist. LEXIS 95710, *7, n. 2 (W.D. Wash. 2022) (referencing need for discovery in MHPAEA cases). Plaintiff requests the full scope of relevant discovery allowed by the Federal Rules of Civil Procedure for their MHPAEA claim brought under 29 U.S.C. §1132(a)(3). Defendants disagree with Plaintiff's position and believe that both of Plaintiff's ERISA claims should be limited to the pre-litigation appeal record, consistent with ERISA and the MHPAEA and their implementing regulations. The parties dispute whether Defendants should be required to file a motion limiting the permissibility of discovery as to the Second Cause of Action.

    D. As to the Third Cause of Action, the parties anticipate some limited discovery.

9.     Class Actions

*If a class action, a proposal for how and when the class will be certified.*

    Not applicable

10.     Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

    The parties are not currently aware of related cases or proceedings pending before another judge of this Court or before another court or administrative body.

11.     Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

The remedies the Plaintiff seeks under the terms of ERISA and under the Plan are for the benefits due under the terms of the Plan, and pursuant to 29 U.S.C. §1132(a)(1)(B) in the amount of $148,087.10, an award of prejudgment interest, and an award of attorney fees and costs pursuant to 29 U.S.C. §1132(g). Plaintiff also seeks equitable remedies as provided under 29 U.S.C. §1132(a)(3) and as necessary to remedy the alleged violations of the Parity Act, potentially including but not limited to declaratory or injunctive relief, plan reformation, disgorgement, accounting, surcharge, equitable estoppel in any remand, and/or restitution, as described in Plaintiff's Complaint. In addition, under 29 U.S.C. §1132(a)(1)(A) and (c), Plaintiff seeks an award of statutory penalties from the Plan Administrator for failure to provide plan documents in response to written requests from the Plaintiff. The statutory penalty Plaintiff seeks may be imposed by the Court in the amount of $110 per day, running from 30 days after the date of each written request for plan documents.

In addition, Plaintiff is entitled to an award of prejudgment interest pursuant to U.C.A. §15-1-1, and attorney fees and costs pursuant to 29 U.S.C. §1132(g).

Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have determined that ADR will not be productive until the completion of discovery. Parties will not be able to determine the prospects for settlement until discovery has been completed.

13. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Not Applicable

14. Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

    Not Applicable

15. Scheduling
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

- Fact discovery shall be completed by **August 28, 2025.**
- Plaintiff's Expert Designation and Reports are due **June 24, 2025.**
- Rebuttal Expert Reports are due September 25, 2025
- Expert discovery shall be completed by **October 23, 2025.** Deadline for Plaintiff to file Opening Rule 52 brief: **November 20, 2025**.
- Deadline for Defendant to file Opening/Responsive Rule 52 briefs: **December 11, 2025**.
- Deadline for Plaintiff to file Opposition/Reply Rule 52 brief: **January 8, 2026**.
- Deadline for Defendant to file Reply Rule 52 brief: **January 29, 2026.**
- Hearing on Cross Motions for Judgment: February 12, 2026 at 1:30 p.m.

16. Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

- It will likely be possible to resolve this case on the Parties' anticipated Cross Motions for Judgment on the administrative record pursuant to Fed. R. Civ. P. Rule 52 without need to take any additional evidence at a live trial. However, if the Court determines that a bench trial is necessary to receive evidence outside the administrative record, the Parties anticipate that a bench trial under Fed. R. Civ. P. Rule 52 could be completed in one day. The Parties agree to waive the Pre-Trial Conference requirements.

17. Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party*

*to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff filed their Disclosure of Non-Party Interested Entitles or Persons on Oct 22, 2024. Pursuant to Civil Local Rule 3-15, the undersigned counsel for the Plaintiff certifies that as of this date, other than the named parties, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants filed their Certification of Interested Entities or Persons on September 23, 2024. Pursuant to Civil L.R. 3-15, counsel for Defendants certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: UnitedHealthcare Insurance Company, UnitedHealth Group Incorporated, ultimate parent company of UnitedHealthcare Insurance Company, Cruise LLC and Cruise LLC Welfare Benefit Plan.

18. Professional Conduct
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The parties' respective counsel has reviewed the guidelines.

19. Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None suggested at this time.

JOINT CASE MANAGEMENT STATEMENT                                   CASE NO. 24-cv-05183-MMC

Dated: January 16, 2025

By: /s/ Brian S. King
    BRIAN S KING

By: /s/ David Lilienstein
    DAVID M. LILIENSTEIN

*Attorneys for Plaintiff Sean H., individually and on behalf of A.H., a minor*

Dated: January 16, 2025

DORSEY & WHITNEY LLP

By: Michelle S. Grant
    Maral Shoaei
    Michelle S. Grant (admitted *pro hac vice*)

*Attorneys for Defendant UnitedHealthcare Insurance Company, United Behavioral Health, Cruise LLC, and the Cruise LLC Welfare Benefit Plan*